Ross. Were you at the sentencing Mr. Ross or were you brought in on appeal? I was brought in on appeal, Your Honor. May it please the Court, my name is Kevin Ross. I represent the appellant Mr. Gilberto Gomez. Your Honor, 18 U.S.C. 3553A instructs the courts to impose a sentence that is sufficient but not greater than necessary to comply with the sentencing purposes of the statute, just punishment, deterrence, and things of that nature. In this particular case, at sentencing, the district court judge sentenced Mr. Gomez to an aggregate total of 652 months. That's a little over 54 years, isn't it? That's correct, Your Honor. In doing so, the district court also explicitly stated that it felt that the guideline calculation in the case was excessive. Having said that, the court went on to say that it felt that it was required to do so by statute. Now the reason that the sentence got so high in the 652 month range was because there was four counts that were drug related counts and the The district court first calculated the guideline range for those counts and imposed a sentence of 292 months. There were also two 924C counts. The first conviction on that count required a consecutive sentence of five years and the second conviction for the 924C required a consecutive sentence of 30 years, or 25 years, for a total of 30 years, 360 months. So mathematically, doing the 292 months plus the consecutive sentences for the 924Cs came to the 652 month range. Wasn't one of the drug counts also, didn't it carry a mandatory minimum? Carried a mandatory minimum of 10 years, Your Honor. There was two drug counts that carried a mandatory minimum of 10 years. Before you go on, again, basic math, before the district judge employs any discretion whatsoever, he's got 40 years that he must impose, is that correct, as a matter of statute? As a matter of statute, that's correct, Your Honor. The minimum that the court could impose, everything together, would have been 480 months, 40 years. Now, when the court looks at the record, at sentencing, the district court did not really explain its sentence at all. The record site is at 1158. Basically, after he goes through the guideline calculation, he states that I'm required under the law to sentence the defendant to 60 months consecutive on count three, 300 months consecutive on count five, for a total term of imprisonment of 652 months. I find that the circumstances, that under the circumstances that the guideline calculation is excessive, and then he goes on to impose supervised release and restitution, but he never explains his sentence. You're not required to explain if the PSR explains the calculations, and he adopts the PSR. This is true. In regards to the 3553 factors, though, and explanation of the things that the court took into consideration, I think that it's important that if the court states that it believes that the sentence that it has to impose is excessive, but there is the opportunity for the court to impose a lesser sentence, then the question becomes, why would the court not do that? For instance, the court under... Did the attorney ask him to? I guess not. Your Honor, the attorney did not explicitly ask... Well, let me take that back. I think it's clear from the record that the attorney, in a very maybe inartful way, was requesting the court to sentence Mr. Gomez to the least amount of time possible. As a matter of fact... But he referred to the gun counts. He said if there's any way you can, don't add up all those mandatories on the weapons counts. And, of course, the problem with that is the court legally can't do any of those things that he had requested him to do. However, how he left, the defense attorney left it in Record Clause 1157, at the very end of the argument, he said, so notwithstanding what the court just said, what's said about the statutory duty as far as the 30 years, again, I would just ask at this juncture to keep it at 30, which I would argue put the court on notice that the defense attorney was really seeking the least amount of time possible, and that a sentence greater than that was excessive. Now, understandably, the defense attorney in this case was wrong. The judge could only go at 40, but still the district court's looking at its duty in imposing a sentence that's sufficient but not greater than necessary. And the court specifically says this sentence is excessive. To me, I would argue to the court that the district court believed that the sentence it was required to impose was unreasonable. If the court believes it's excessive, then it would be unreasonable to impose such a sentence. So then that leads to the question, did the court believe it had authority to adjust the guideline calculation for the drug accounts in considering the aggregate sentence that would be imposed based on the 924C counts that would have to run consecutive? In essence, my argument would be is that the district court judge in Gomez's case found himself in the same situation that the district court judge found himself in in the Dean case. Now, there's no, there's no, Dean didn't create new law. It clarified the law that said basically the district court judge can take into account the predicate offenses when imposing a sentence when you have these 924Cs. So you're saying he should have just gone with the 40 years, which is not a trifling amount of time. He should have just gone for the 40 years if he believed that the guidelines plus the stacking was... There was a remedy. There was a remedy to the court. Yes, Your Honor. There was a remedy to the court to impose a sentence less than what it imposed. Did counsel call a Dean decision to the court? He did not, Your Honor. Had there been any Supreme Court case before Dean that really said the judge should consider the aggregate sentence? Your Honor, I don't believe that there was necessarily a specific Supreme Court case. I believe that, you know, Dean didn't create new law. I mean, the court could, the judge could always consider that, but a lot of judges believe procedurally, I think, just in practice, that you, the way that you do this when you have a 924C count is you look at what the guideline calculation is for the drug counts. You arrive at that calculation, and then whatever that is, you have to consecutively stack the 924Cs. Well, but call it clarification or new law, but I mean, I don't know that the Supreme Court ever clarified the law to that extent that said you could do that. Right. I think the reason, of course, that Dean went up to the Supreme Court is there was a split in the circuits as far as what circuits said you could do and what you couldn't do, and so the clarification on the law was that it is okay to consider the underlying predicate offense and adjusting that in arriving at a sentence or taking that into consideration when imposing sentence when you have these 924Cs that are consecutive. Given the fact that the district thought that the sentence was excessive, we're left to question whether or not the court believed it had the authority to do what I'm proposing here that the court should have done and could have done. It stands to reason, I think through common sense, that if the court felt that the 652 months was excessive and there was a remedy for the court to lower that sentence and the court believed that it could, that the court would have, granted again that the lowest that the court could have gone is 480 months. Suppose we were to agree with you. Now, I'm not at all confident that a judge who's been on the bench 15 years or more doesn't know what sentencing law entails, but suppose we were to vacate and remand, what would we tell the district court to do? I think we would tell the district court that to, in light of the Dean case, to explain its sentence, to re-sentence and see if the court would have imposed the same sentence or perhaps if the court realized that it had the ability to modify the underlying predicate offenses and the drug counts, to give the court the option to do that. Suppose he said, in other words, we would tell him to follow 3553A. Correct. But don't you think he knew he had to follow 3553A? Your Honor, I would think that that would be true, but the problem is, the problem is is when he says that this sentence is excessive on the record. Well, a lot of us think sentences, you know, not all sentences, but the guidelines result in some very high sentences, but the fact that we may even say from the bench that they're excessive doesn't mean that we don't think that's what the guidelines are getting at. Did he say that the sentence is excessive or that the guideline calculation is excessive? The quote that I'm looking at is that the guideline calculation is excessive, but I believe that's what I'm required by the statute to do. That is the accurate quote, that it's the guideline calculation that the court believes is excessive in this case. And presumably, if he thinks that the guideline calculation is excessive, then adding on the additional two statutory mandatory minimums makes it even more excessive. Is that your argument? That would be my argument, Your Honor, and again, I just go back to the fact that there is a remedy to the court. The court does not explain its sentence. To Judge Jones's comment that he doesn't have to if it's within the guideline range, I think what rebutts that is, again, when he says that it's excessive, and there's a remedy for the court to believe it had to impose in this case. When he says I'm required to do by the statute, doesn't that, what statute do you believe he's talking about with regard to guideline calculations? Assuming that he did not misspeak, what statute is he talking about with regard to the guideline calculation? Certainly he's aware of the Supreme Court jurisprudence that the guidelines are advisory. Certainly, and I think the government will raise that in its argument in regards to the Statement of Reasons where it states that, boilerplate language, that the court understands the 3553 factors, considers them, and understands that the guideline range is advisory. However, I'm not sure which statute. Well, it seems like the only other alternative could be the 924 stacking. The minimums with the stacking is the statute he's referring to. He's got to be referring to some statute that's involved in creating this sentence. If the guideline calculations are not mandatory, and they haven't been for some years now, the statute he's got to have is mandatory. Requirements, wouldn't you think? Your Honor, that is a logical deduction from that. If we sent the case back to the district court judge, then we could get clarification on what he meant. And if he would have explained on the record in a more involved way, a substantive way, then we would know. We would know what he was thinking. We would know why he came to the court, what he believed was excessive in this regard. But in light of this case, and in light of the fact that we don't have a lot of information in how the court was thinking in imposing its sentence, given the fact that he imposed a 652-month sentence, and Mr. Gomez has the statutory scheme to where the minimum that he could receive was 480 months, then I would argue to the court that he should get the benefit of having the district court succinctly and clearly explain what the sentence should be in his case. That is a lot of time. I think we have your Thank you, Judge Jones, and may it please the court, Joe Maglielo for the United States. Under the highly deferential standard of review applicable here, the district court did not nearly commit plain error on either procedural or substantive reasonableness grounds when reaching a decision on Mr. Gomez's overall sentence. But with respect to this argument, I think it's important to start with the standard of review. Because Mr. Gomez wrongly assumes that the abuse of discretion standard should apply, but that standard would apply only had Mr. Gomez properly preserved his objections that he makes now to this court for the first time before the district court. This court said in Mondragon-Santiago that in order for plain error review not to apply, the defendant must make an argument in such a way that the district court has an opportunity to correct the error he now presses on appeal. Mr. Gomez did not argue that the district court procedurally or substantively failed in reaching a decision on his sentence. It didn't indicate that the district court failed to explain the sentence or consider the 3553A factors, nor did he raise Dean or anything having to do with the district court's purported treatment of the sentencing guidelines as being mandatory. In fact, after the district court announced its sentence, Mr. Gomez didn't object on any ground whatsoever. So having failed to raise those objections, this court's highly deferential plain error standard of review should apply. Turning to Mr. Gomez's first contention about the district court's purported failure to explain a sentence or consider the 3553A factors, I think it's important to note that in addition to the deferential plain error standard of review, given that the district court chose a within guideline sentence for Mr. Gomez, that gives rise to an inference that the district court considered all the 3553A factors when reaching a decision on Mr. Gomez's sentence. Counsel, let me ask you, he does say, the district judge does say that he believes the sentence to be excessive or the guideline calculation to be excessive. So it's not like we don't have any mechanical application of guidelines and statutory minimums. We do have some insight into the district judge's thinking that it's excessive. Do you believe that the district judge simply misspoke when he said calculations as opposed to the statutory minimums? And on what basis would you make that assumption? To answer your question succinctly, I do believe that he misspoke. But I think that that argument is best made or considered in the context in which that statement was made. Leading up to trial, even before he was convicted, Mr. Gomez had complained about the effect of these mandatory minimum 924C charges. That's at page 254 in the record. Mr. Gomez argued that multiple 924C charges constituted cruel and unusual punishment. Having been convicted of those charges and also the predicate drug offenses, in his objections to the pre-sentence report, Mr. Gomez again was laser focused on those 924C charges, asking the district court judge to flout his 10 years rather than the 30 he was required. And I think importantly, at no point did he request a downward variance or seek a certain sentence with respect to the drug counts. Again, almost all his energy focusing on the gun counts. And then again, at sentencing hearing, he refers back to that same pretrial document. He argues again that the district court judge should not consider or should not stack those sentences and should impose a lower sentence than is required. Immediately after, or immediately before rather, when the district court judge is calculating the imposed 360 months for those gun charges, that's the line that immediately preceded his statement that the guideline calculation was excessive. So given that context, I think the better view is that the district court judge was referring back to the firearm charges. And I think that view is bolstered strongly by the fact that in the written statement of reasons, and I know my friend indicated that they were boilerplate, but I don't think this highly experienced judge does anything in a boilerplate fashion because in the statement of reasons, which issued the day after the district court judge refers back to the sentencing hearing and indicated for the reasons stated in the sentencing hearing, he had chosen a specific sentence that was sufficient but not greater than necessary on those two drug counts. So I think the best reading of the judge's comment is that he was giving his opinion that the sentence associated with the multiple mandatory minimum firearm counts was excessive. And again, given that the, my belief that the plain error standard of review applies, I think at most what we have here is an ambiguity. And I think when there's an ambiguity in the record versus an obvious that is clear error, he can't meet the second prong of the plain error standard of review and can't support reversal on that basis. What the judge didn't consider was imposing an aggregate sentence. That's which Dean says is appropriate. The judge might consider that and probably should consider imposing an aggregate sentence when he's in this situation. Well, I think I may disagree a little bit on that, your honor. I think as Judge Jones alluded to earlier, I think it's highly likely that this district court judge, who's very experienced, had an understanding of the Dean case given that it was released about two and a half months before Mr. Gomez's sentencing hearing. And further, as I think the court alluded to earlier, Dean didn't change the law in the circuit. I think in the seventh and eighth circuits, those courts required their district courts not to consider the effect of the predicate offenses, or rather, not to consider the effect of the mandatory minimal offenses when considering the effect of the predicate offenses and reaching a calculation on that front. Given that this court never required its district courts to do that, I don't think the record necessarily supports the idea that the district court judge was unaware of his ability to vary downward on the drug offenses should he have thought that was appropriate. What's our case that tells the judges they can consider an aggregate sentence in this situation? Your honor, I don't believe that there was a case that affirmatively said that the courts could do so, but I think in the seventh and eighth circuits, there was multiple opinions where they affirmatively told their district courts they could not consider it. And this court did not have such an opinion that indicated as such. What would be the harm in our, in light of the judge's apparent reaction that the sentence he thought he had to impose was excessive? What would be the harm in our sending back and letting him reconsider that in light of the dean decision? Well, I think, your honor, the harm is there's just simply no error here, in my view. There's no error here, and so there's no reason to send it back to the judge. And further, I think that it would undermine further, particularly the second prong of plain error review. This represents, I think, as the court wrote in Chavez-Hernandez, the triumph of hindsight that the district court wasn't aware of dean. And so it would, I think, give him a benefit to which he's not entitled, having failed to make any objection or bring this to the court's light. He didn't request a downward variance on the drug counts. All he did was ask the judge to flout his constitutional duties and not impose the sentences that the judge was required to impose by statute. Okay. With respect to Mr. Gomez's arguments about the district court's purported failure to explain the sentence or 3553A factors, given that the district court judge imposed a within-guideline sentence, that gives rise to an inference that it had considered all the 3553A factors necessary to reach a fair sentence. And Mr. Gomez's view of things, I think, again, depends on a truncated view of the record, because he does not consider the statement of reasons. In the statement of reasons, the district court indicated both, that it had relied on the 3553A factors and that it had reached a sentence that was sufficient but not greater than necessary to meet the sentencing aims of just punishment and adequate deterrence. This court has said on multiple occasions that if a district court explains itself in a statement of reasons as to the reason for a sentence, it can't possibly rise to the level of a plain error. For example, in the Silva-Torres case, which we cite in our brief, the district court judge imposed an upward variance sentence, which it did not explain during the sentencing hearing, but it did explain itself in a statement of reasons, and this court found that it could not find plain error under those circumstances. Similarly, in the Montregan-Santiago case, the district court judge there imposed a within guideline sentence, but he did not explain himself either at the sentencing hearing or in a statement of reasons, and this court found that the defendant could not demonstrate plain error because he could not show that but for the district court's failure to explain the sentence or state its reliance on the 3553A factors, he couldn't show that the district court would have reached a different error. So to hear Mr. Gomez can't show that but for the district court's decision not to explain itself at the sentencing hearing, though it did in the statement of reasons, he can't show plain error on those grounds. If the court has no further questions on this issue or on the leadership of the district court, I'll turn it over to you, Mr. Gomez. Thank you, Your Honor. If the court has no further questions for me, I think that my arguments have been made succinctly as well in that regard, and I'd cede that question as well. That's great. Thank you very much. We appreciate it, and we note that you are court appointed, and we certainly, you've done a very good job for your client. We certainly appreciate your service. Thank you.